

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. B. Ritchey, Jr.
County Attorney
Jasper County
Jasper, Texas

Dear Sir:

        Opinion No. 0-4270
        Re: Can the commissioners'
        court under Section 6,
        Article 7, State Con-
        stitution, contract for
        a lease of school lands
        obtained by the county from
        the State without being re-
        quired to follow the provi-
        sions of Article 5400-A,
        Vernon's Annotated Civil
        Statutes?

   Your telegram of recent date requesting an
opinion of this department on the above stated question
reads as follows:

   "CAN COMMISSIONERS COURT UNDER SECTION
SIX ARTICLE SEVEN STATE CONSTITUTION CONTRACT
FOR LEASE OF SCHOOL LANDS, OBTAINED BY COUNTY
FROM STATE WITHOUT BEING REQUIRED TO FOLLOW
PROVISIONS OF ARTICLE FIFTY FOUR HUNDRED A OF
STATUTES?  AS THIS MATTER IS URGENT WOULD PER-
SONALLY APPRECIATE A PROMPT RULING BY WIRE COL-
LECT."

   Article 7, Section 6 of the State Constitu-
tion provides:

   "All lands heretofore, or hereafter
granted to the several counties of this state

for educational purposes, are of right the
property of said counties respectively, to
which they were granted, and title thereto
is vested in said counties, and no adverse
possession or limitation shall ever be
available against the title of any county.
Each county may sell or dispose of its lands
in whole or in part, in manner to be provided
by the commissioners' court of the county.
Actual settlers residing on said lands, shall
be protected in their prior rights of pur-
chasing the same to the extent of their
settlement, not to exceed 160 acres, at the
price fixed by said court, which price shall
not include the value of existing improve-
ments made thereon by such settlers. Said
lands, and the proceeds thereof, when sold,
shall be held by said counties alone as a
trust for the benefit of public schools
therein; said proceeds to be invested in
bonds of the United States, the State of
Texas, or counties in said state, or in
such other securities, and under such re-
strictions as may be prescribed by law;
and the county shall be responsible for all
investments; the interest thereon, and other
revenue, except the principal shall be avail-
able fund."

H. B. No. 861, Acts. 1937, 45th Legislature,
page 568, Ch. 279 (Article 5400-A, Vernon's Annotated
Civil Statutes) is an act authorizing political subdivi-
sions of the State of Texas to lease lands owned by such
subdivisions for mineral development purposes and pre-
scribing the method and manner of making such leases,
and declaring an emergency.

You do not state whether or not the proposed
lease of school lands is for mineral development purposes.
The above mentioned act became effective May 5, 1937, and
if the purpose of the proposed lease of county school land
is for the purpose of mineral developments it is our opinion
that the commissioners' court in leasing said school land
for such purposes must follow the provisions of Article 5400-A,

Honorable R. B. Ritchey, Jr. - Page 3


Vernon's Annotated Civil Statutes.

If the proposed lease of the county school lands is for any purpose other than for mineral development purposes, we do not think, that the commissioners' court is required to follow the provisions of Article 5400-A, supra.

The Supreme Court of Texas in the case of Falls County v. DeLaney, 11 S. W. 492, construing Article 7, Section 6, supra, holds in effect that the said provision of the Constitution (Article 7, Section 6) relating to county school lands, and providing that "each county may sell and dispose of its lands in whole or in part", a county is not limited to sell, but may also lease, its school lands; and having leased them, or indicated its policy to lease and not to sell them, settlers have no right to occupy any part of them.

The case of McInnes v. Wallace, 38 S. W. 816, cites the above mentioned case and holds accordingly.

Therefore, as above stated if the commissioners' court desires to lease said school land for mineral development purposes, Article 5400-A, supra, must be followed. It is a well recognized principle of law that where the Legislature prescribes a definite, certain method of procedure for a city or county to follow other methods by implication of law are excluded. (Foster v. City of Waco, 255 S. W. 1104) However, as stated above if the commissioners' court desires to lease said school lands for any purpose other than for the purpose of mineral development said court may lease the school lands of said county without following the provisions of Article 5400-A, supra.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

